**IN THE COURT OF APPEALS OF IOWA**

No. 19-1668
Filed February 5, 2020

**IN THE INTEREST OF A.F. and A.D.,**
**Minor Children,**

**E.D., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Iowa County, Jason A. Burns, District Associate Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Deborah M. Skelton, Walford, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Melody Butz, Center Point, attorney and guardian ad litem for minor children.

　　Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

A mother appeals from the termination of her parental rights to her children, A.F. and A.D.[1]  She argues (1) the State failed to satisfy the statutory grounds authorizing termination and (2) termination is not in the children's best interests. We affirm.

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The mother claims the State failed to satisfy the statutory grounds authorizing termination.  Here, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (h) (2019).  These paragraphs differ slightly.  Paragraph (f) authorizes termination of a parent's parental rights when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

---

[1] The State also terminated the parental rights of the fathers.  They do not appeal.

Paragraph (h) is nearly identical except it applies to a child who is "three years of age or younger" and only requires the child be removed "for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days."

The mother only challenges the last element under both paragraphs. She argues the children could be safely returned to her care. As support, she highlights her sobriety, housing, and efforts to address her substance-abuse and mental-health needs. But the record suggests otherwise.

The mother admitted to using methamphetamine daily for several months and as recently as a month prior to the termination hearing. She never successfully completed a substance-abuse treatment program. And she admitted at the termination hearing that she has not properly addressed her substance-abuse problems. Her unresolved substance-abuse issues weigh against a finding that the children could be safely returned to her. *See, e.g.*, *In re C.P.*, No. 18-1536, 2018 WL 6131242, at *2 (Iowa Ct. App. Nov. 21, 2018) (collecting cases concluding children cannot be returned to parents with unresolved history of substance abuse).

The mother's mental health also remains a significant concern. She has been diagnosed with borderline personality disorder, anxiety, depression, and post-traumatic stress disorder. While she sees a psychiatrist for medication management, she does not attend counseling. And within the two months preceding the termination hearing, the mother was hospitalized twice for thoughts of self-harm. These concerns also weigh against a finding that the children could be returned to her care. *See In re K.S.*, No. 18-1759, 2018 WL 6705523, at *1

(Iowa Ct. App. Dec. 19, 2018) (collecting cases concluding a parent's unaddressed mental-health conditions weighed against reunification).

The mother also lacked stable housing and employment. The mother became employed just one week prior to the termination hearing and held no other job over the pendency of the case. By her own admission, her housing has also been unreliable over the life of the case. She spent time living in a shelter and now resides with her paramour and his friend. Her testimony suggests she moved in with them just a week prior to the termination hearing.[2] Nothing in the record shows the condition of the residence is appropriate for the children. Moreover, nothing in the record shows the paramour and friend are safe for the children to be around. And nothing in the record shows how long the mother will be able to stay at the residence.[3] We conclude her history of unstable housing and employment weighs against a finding that the children could be safely returned to her. *See In re M.W.*, 876 N.W.2d 212, 223 (Iowa 2016) (stating that inappropriate housing and inconsistent employment "reflect[] [a mother's] prior pattern of irresponsibility and lack of planning when it comes to her children"); *In re R.C.*, No. 03-1134, 2003 WL 22092677, at *2 (Iowa Ct. App. Sept. 10, 2003) (finding, among other factors, a parent's "history of unstable housing and employment" provided "evidence beyond a reasonable doubt" that the child could not be placed in the parent's care).

---

[2] The mother could not provide the juvenile court with the address of her current residence.
[3] The mother testified the residence belonged to the paramour's friend.

In summary, we share the juvenile court's concerns about the mother's mental-health, substance-abuse, and housing issues. Like the juvenile court, we conclude the children could not be safely returned to the mother's care.

The mother also argues termination is not in the children's best interests. We have considered this argument under both Iowa Code section 232.116(2) and (3)(c). And we disagree with the mother's claim.

In considering the best interests of children, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude termination is in the children's best interests. This family was subject to a prior child-in-need-of-assistance proceeding. That case was open for several years. This case was opened not long after the first closed and for the same reasons. Termination would end this cycle and provide the children with an opportunity to find safety and stability. The mother notes A.F. has expressed that she does not want to be adopted. But because A.F. is under the age of ten, we do not take this into consideration. *See* Iowa Code § 232.116(3)(b). The mother also opines that her bond with the children is strong enough to forgo termination. *See id.* § 232.116(3)(c). We disagree. The parent-child bond is not so strong to overcome the significant safety risks that remain.

The mother also requests additional time to work toward reunification. The juvenile court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). But the mother cannot point to any *specific* factor, condition, or expected behavioral change that would occur if the court granted additional time. This case was open for fourteen months, and the mother failed to make any significant progress. We have no reason to believe that would change in six months' time.

The juvenile court was correct in terminating the mother's parental rights.

**AFFIRMED.**